UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| B. CHOICE LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2096 |
| | § | |
| EPICENTRE DEVELOPMENT ASSOCIATES, LLC., *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the court are the Magistrate Judge's memorandum and recommendation ("M&R") (Dkt. 119); defendants Alianza Financial Services, LLC, Alianza Holding, LLC, Omar Botero, Jr., Albert F. Delaney, Gilberto Iragorri, EpiCentre Development, Associates, LLC, Epicentre Development Associates II, LLC, Vanguard Equity Holdings, LLC, Vantage Equity Holdings, LLC, Vantage Financial Services, LLC, Vantage Plus Corp., Vantage Plus Development Company, LLC, and Vantage Realty Holdings, VI-X, LLC's (the "EpiCentre Defendants") objections to the M&R (Dkt. 120); and plaintiff B Choice Limited's ("BCL") objections to the M&R (Dkt. 123). The Magistrate recommended that defendant PLG Consulting, Ltd.'s ("PLG") Rule 12(b)(2) motion to dismiss be denied and its Rule 12(b)(6) motion to dismiss be granted. Dkt. 119. The Magistrate also recommended that defendants Guiduzzi and F&G Consultancy, Ltd.'s Rule 12(b)(6) motion to dismiss be granted in part and denied in part. *Id.* Having reviewed the M&R, defendants' objections, plaintiff's objections, and applicable law, the court OVERRULES the objections and ADOPTS the M&R in its entirety.

The M&R states that "failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal."

Dkt. 119 at 25. The EpiCentre Defendants object to the "factual allegations" outlined in the M&R to the extent that they are findings of fact. Dkt. 120. The M&R states that the factual account in the M&R is "derived from Plaintiff's live complaint." Dkt. 119 at 2. The Magistrate correctly considered the allegations contained in the complaint in considering the motions to dismiss. Consideration of the facts as alleged by plaintiff does not amount to a finding of fact. Accordingly, the objection (Dkt. 120) is OVERRULED.

Plaintiff filed six objections to the M&R. Dkt. 123. Objections 6.1, 6.2, 6.3, and 7 merely object to the Magistrate's adverse recommendation based on the same reasons put forth in the original briefing. *Id.* The M&R correctly analyzes the facts and applicable law. Accordingly, these objections are OVERRULED.

Plaintiff also objects to "the Magistrate's apparent recommendation that all claims against PLG be dismissed, despite the Magistrate's finding that Guiduzzi acted on behalf of PLG. Because of this finding, BCL objects to the Recommendation as to PLG because any claims properly pled against Guiduzzi must still be valid as against PLG." Dkt. 123 at 3. The M&R recommends allowing plaintiff to proceed on its breach of fiduciary duty claim against Guiduzzi. Dkt. 119 at 25. However, plaintiff's second amended complaint does not allege a breach of fiduciary duty claim against PLG. Dkt. 78 at 47-48. Plaintiff apparently objects to the dismissal of a claim that was never asserted. Accordingly, the objection is OVERRULED.

Plaintiff's final objection is that the Magistrate did not recommend allowing it to amend its complaint after finding that some of the claims should be dismissed. Plaintiff had already amended its complaint twice before the M&R was entered, and at that time, the deadline to amend the

pleadings had already passed. The court finds that an amendment would have been futile, and the objection is OVERRULED.

The M&R (Dkt. 119) is ADOPTED IN FULL. Defendants PLG and Guiduzzi's motion to dismiss (Dkts. 43 and 60) is GRANTED IN PART and DENIED IN PART. Defendant F&G's motion to dismiss (Dkts. 48 and 61) is GRANTED IN PART and DENIED IN PART.

Signed at Houston, Texas on July 7, 2015.

_____
Gray H. Miller
United States District Judge