## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| B CHOICE LIMITED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2096 |
| | § | |
| EPICENTRE DEVELOPMENT ASSOCIATES, LLC, | § | |
| et al., | § | |
| | § | |
| *Defendant*s. | § | |
| | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 252. The Magistrate Judge considered a motion for summary judgment filed by defendant Andrea Frattini ("Frattini") (Dkt. 208), a motion for summary judgment filed by defendants EpiCentre Development Associates, LLC ("EDA"), EpiCentre Development Associates II, LLC, Alianza Financial Services, LLC, Alianza Holdings, LLC, Vanguard Equity Holdings, LLC, Vantage Equity Holdings, LLC, Vantage Financial Services, LLC, Vantage Plus Corp., Vantage Plus Development Company, LLC, Vantage Realty Holdings VI-X, LLC, Omar Botero, Jr. ("Botero"), Albert F. Delaney ("Delaney"), and Gilberto Iragorri ("Iragorri") (collectively, "EpiCentre Defendants") (Dkt. 217), and a motion for summary judgment filed by defendants PLG Consulting, Ltd. ("PLG") and Pierluigi Guiduzzi ("Guiduzzi") (Dkt. 218). Having considered the M&R, the motions, the EpiCentre Defendants' objections (Dkt. 255), Guiduzzi and PLG's objections (Dkt. 256), plaintiff's responses (Dkts. 259, 260, 261), and other relevant materials in the record, the court is of the opinion that the EpiCentre Defendants, Guiduzzi, and PLG's objections should be **OVERRULED** and the M&R should be **ADOPTED IN FULL**.

## I. LEGAL STANDARD

### A.    Magistrate Judge

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).  For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

### B.    Motion for Summary Judgment

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.  *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## II. OBJECTIONS

The EpiCentre Defendants filed objections to the Magistrate Judge's M&R, PLG and

Guiduzzi jointly filed objections to the M&R, and Frattini filed a notice of joinder to both sets of objections.[1]   The background and facts of this dispute are detailed in the M&R and incorporated herein.  Dkt. 252.

## A.    EpiCentre Defendants' Objections

The EpiCentre Defendants assert the following objections to the Magistrate Judge's M&R: (1) the Magistrate Judge misapplied Texas law in finding that there was an issue of material fact whether Delaney, Botero, Iragorri, and Vantage Realty owed a fiduciary duty to the plaintiff; (2) the Magistrate Judge erred in finding a fact issue on the statute of limitations related to the $11,000,000 transaction; and (3) there is no evidence of fraud, and therefore, related claims should be dismissed. Dkt. 255.

With regard to the breach of fiduciary duty issue, the EpiCentre Defendants challenge the citation of *Allen v. Devon Energy Holdings, LLC*, 367 S.W.3d 355 (Tex. App–Houston [1st Dist] 2012, pet. granted, judgm't vacated, w.r.m.).  However, the court finds that the part of the case that is cited was not overruled, is still good law, and supports the Magistrate Judge's decision that there is a genuine issue of material fact for the jury to decide whether some of the EpiCentre Defendants owed a fiduciary duty to plaintiff.  To be clear, the court is aware that, in dicta, another court stated that as of April 2010, no Texas court had found that fiduciary duties existed between members of a limited liability company as a matter of law.  *See Entertainment Merchandising Technology, LLC v. Houchin*, 720 F. Supp.2d 792, 797 (N.D. Tex. 2010).  However, that court acknowledged in the next sentence that whether such fiduciary duty existed was typically a question of fact.  Therefore,

---

[1] Plaintiff has objected to Frattini's notice of joinder as untimely filed.  As the court adopts the M&R in full, it need not reach this objection.

the court agrees with the Magistrate Judge that whether the EpiCentre Defendants owed a fiduciary duty to plaintiff is an issue of fact for the jury.

The EpiCentre Defendants' remaining arguments were considered and discussed by the Magistrate Judge in the M&R, and the court reviewed the Magistrate Judge's rationale and conclusions as expressed in the M&R *de novo* and ADOPTS them in full.

**B.      Guiduzzi and PLG's Objections**

Guiduzzi and PLG assert the following objections to the Magistrate Judge's M&R: (1) the Magistrate Judge erred in finding a fact issue on the statute of limitations related to the $11,000,000 transaction; (2) the Magistrate Judge erred in finding that there was a fact issue related to the fraud claims because Guiduzzi did not make any false statements; (3) the claims for civil conspiracy and RICO should have been dismissed because Guiduzzi and PLG did not enter into an agreement to commit unlawful acts; and (4) the Magistrate Judge erred in finding that there was a fact issue whether there was a stock transaction for plaintiff's statutory fraud claims under Texas Business & Commerce Code § 27.01.  Dkt. 256.

These are all arguments considered and discussed by the Magistrate Judge in the M&R, and the court reviewed the Magistrate Judge's rationale and conclusions as expressed in the M&R *de novo* and ADOPTS them in full.

## III. CONCLUSION

The EpiCentre Defendants' and PLG and Guiduzzi's objections are OVERRULED.  The M&R (Dkt. 252) is ADOPTED IN FULL.  The defendants' respective motions for summary judgment (Dkts. 208, 217, 218) are DENIED.

It is so **ORDERED**.

Signed at Houston, Texas on March 29, 2017.

_____
Gray H. Miller
United States District Judge