UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| B CHOICE LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2096 |
| | § | |
| EPICENTRE DEVELOPMENT ASSOCIATES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the court is defendant and counter-plaintiff EpiCentre Development Associates, LLC ("EDA") and defendants EpiCentre Development Associates II, LLC, Alianza Financial Services, LLC, Alianza Holdings, LLC, Vanguard Equity Holdings, LLC, Vantage Equity Holdings, LLC, Vantage Financial Services, LLC, Vantage Plus Corp., Vantage Plus Development Company, LLC, Vantage Realty Holdings VI-X, LLC, Omar Botero, Jr. a/k/a Omar Botero, Albert F. Delaney, and Gilberto Iragorri's (collectively, the "EpiCentre Defendants") limited objection to the Magistrate Judge's order (Dkt. 262). Dkt. 265. The Magistrate Judge's order grants in part and denies in part the EpiCentre Defendants' motion to exclude certain portions of the plaintiff's expert report and testimony (Dkts. 226, 229, 231, 234). Dkt. 262. Having considered the order, objection, motion, and the applicable law, the court finds that the EpiCentre Defendants limited objection should be OVERRULED.

The EpiCentre Defendants challenged the expert report and testimony of the plaintiff's expert Elvis Foster. Dkts. 226, 229, 231, 234. First, the Magistrate Judge's order concluded that any arguments to exclude specific lines of testimony are evidentiary issues, which are properly the

subject of a motion in limine. Dkt. 262 at 8. The Magistrate Judge declined to rule on their exclusion. *Id*. Second, the Magistrate Judge considered the EpiCentre defendants' *Daubert* arguments regarding Foster's qualifications as an expert, and concluded that Foster was not an expert in real estate development but that he can testify as an expert in forensic accounting, tax, and fraud. Dkt. 262 at 9.

The EpiCentre Defendants assert a limited objection that Foster should not be allowed to offer legal conclusions about the defendants' intent to commit fraud or testify about plaintiff B Choice Limited's state of mind in relying on any misrepresentations. Dkt. 265 at 2–3. The EpiCentre Defendants also argue that it is impossible for Foster to testify regarding the state of mind of the plaintiff and intention of EpiCentre Defendants regarding the elements of fraud, which are within his purview as an expert, without testifying about real estate development issues, which the Magistrate Judge has ruled are outside his expertise. *Id*. at 4.

The court does not find this limited objection to be contrary to the Magistrate Judge's order that any evidentiary issues regarding "legal conclusions, speculation, or summary testimony" in the expert opinion should be raised as a motion in limine. Therefore, the court OVERRULES this objection. Dkt. 262. The EpiCentre Defendants may reassert any concern regarding this testimony from Foster in their motion in limine.

The Magistrate Judge's order is ADOPTED IN FULL. Dkt. 262.

Signed at Houston, Texas on May 31, 2017.

_____
Gray H. Miller
United States District Judge