IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| B CHOICE LIMITED, | § § § | |
| Plaintiff and Counter-Defendant | § § | |
| vs. | § § § § | |
| | § | Case No. 4:14-cv-02096 |
| EPICENTRE DEVELOPMENT ASSOCIATES, LLC, et al. | § § § | **JUDGE GRAY H. MILLER** |
| Defendants | § § § | Rhonda Moore-Konieczny, Case Manager |
| EPICENTRE DEVELOPMENT ASSOCIATES, LLC | § § § § | |
| Counter-Plaintiff | § § | |
| v. | § § | |
| B Choice Limited, | § § | |
| Counter-Defendant | § | |

**DEFENDANTS PLG CONSULTING LTD. AND PIERLUIGI GUIDUZZI'S
MEMORANDUM OF LAW ON CONTESTED ISSUES OF LAW**

Pursuant to the Court's Procedure 9(B)(2)(e), Defendants PLG Consulting Ltd. (*"PLG Consulting"*) and Pierluigi Guiduzzi (*"Guiduzzi"*) hereby submit this trial memorandum of law addressing the following contested issues of law:

### I.    CONTESTED ISSUES OF LAW

**A. Applicable Law to Breach of Fiduciary Duty Claims Against Guiduzzi**

Because B Choice Ltd. ("BCL") is incorporated in the United Kingdom, the Court should look to the laws of the United Kingdom regarding BCL's allegations of breach of fiduciary duty against its former director, Guiduzzi.

The Court should look to Texas choice-of-law principles. "In federal question jurisdiction cases, where a court is exercising supplemental jurisdiction over state-law claims, a federal court . . . applies the choice of law rules of the forum state to the state law claims." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 790 (S.D. Tex. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

Texas choice-of-law principles provide that this Court should follow the "internal affairs doctrine." *See Hollis v. Hill*, 232 F.3d 460, 464–65 (5th Cir. 2000). "That is, the internal affairs of the foreign corporation, 'including but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares,' are governed by the laws of the jurisdiction of incorporation." *Id.* Importantly for this case, "[t]he internal affairs doctrine is not limited to the application of the laws of the States of the United States." *City of Harper Woods Employees' Ret. Sys. v. Olver*, 577 F. Supp. 2d 124, 129 (D.D.C. 2008), aff'd, 589 F.3d 1292 (D.C. Cir. 2009) (applying UK law in shareholder derivative suit).

In this case, the applicable UK law is the United Kingdom Companies Act of 2006 (the "Companies Act"), "which governs the fiduciary duties that officers and directors owe English companies." *In re BP S'holder Derivative Litig.*, 10-MD-2185, 2011 WL 4345209, at *1 (S.D. Tex. Sept. 15, 2011), *aff'd sub nom. City of New Orleans Employees' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 Fed. Appx. 293 (5th Cir. 2013). The general duties of corporate officers and directors are set forth in Sections 170 to 178 of the Companies Act. Relevant portions of the Companies Act are attached hereto as <u>Exhibit A</u>.

Under Section 1157 of the Companies Act, the court may excuse a director from liability. Specifically, in proceedings for "negligence, default, breach of duty or breach of trust"

against an officer of a company, "if it appears to the court hearing the case that the officer or person is or may be liable but that he acted honestly and reasonably, and that having regard to all the circumstances of the case (including those connected with his appointment) he ought fairly to be excused, the court may relieve him, either wholly or in part, from his liability on such terms as it thinks fit." (Although Section 1157 refers only to "officers" of the company, Section 16 of the Companies Act makes clear that "officers" also includes directors. Companies Act Section 16. (stating that the registration of the company has the effect of, among other things, "The persons named in the statement of proposed officers – (a) as director, or (b) as secretary or joint secretary of the company, are deemed to have been appointed to that office.").

In the alternative, if the Court elects to apply Texas law to the breach of fiduciary duty claim asserted against Guiduzzi, then burden of proof should be placed on plaintiff as reflected in PJC 104.3 (as opposed to PJC 104.2 as proposed by Plaintiff).

**B. Statutory Fraud**

Defendants PLG Consulting and Guiduzzi asserted the following law regarding statutory fraud in their motion for summary judgment [Dkt. No. 218], which the Court has previously ruled on [Dkt. Nos. 252 and 264]. Defendants reassert the law again here for preservation purposes.

Texas Business and Commerce Code § 27.01 provides for a statutory cause of action for fraud in real estate and stock transactions. TEX. BUS. & COM. CODE § 27.01(a). Plaintiff must prove that: (1) there was transaction involving real estate or stock, (2) during the transaction defendant made false representation of fact, false promise, or benefited by not disclosing that third party's representation or promise was false, (3) the false representation or promise was made for purpose of inducing plaintiff to enter into contract, (4) the plaintiff relied on false

representations or promises by entering into a contract, and (5) such reliance caused plaintiff's injury. TEX. BUS. & COM. CODE § 27.01(a); *Harstan, Ltd. v. Si Kyu Kim*, 441 S.W.3d 791, 799 (Tex. App.–El Paso, 2014).

Section 27.01 applies only to misrepresentations of material fact made to induce another to enter into a *contract for the sale of land or stock*. *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.–Waco 2000, pet. denied) (emphasis added); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (internal citations omitted) ("[The] statute, by its own terms, applies only to fraud in real estate or stock transactions."). B Choice has alleged fraud relating to an investment into EDA, which was in turn going to invest in land, but it has not alleged fraud in connection with the actual contract for the sale of land.

A "loan transaction, even if secured by land, is not considered to come under the statute." *Dorsey*, 540 F.3d at 343. *See also Higgins v. Bank of Am., N.A.*, 3:12–CV–5297–N–B N, 2013 WL 2370564, at *6 (N.D.Tex. May 31, 2013) ("Because Plaintiff's claim is based only on allegations of misrepresentations made in the context of a loan and its alleged modification, and not on any kind of real estate transaction between the parties, Plaintiff's statutory fraud claim fails); *Rawdon v. Garvie*, 227 S.W.2d 261, 265 (Tex. App.–Dallas 1950) (reviewing under actionable fraud statute now codified at § 27.01 and holding that a claim for statutory fraud is applicable "only when a conveyance of the property has been made, and not where there is merely a contract to convey.").

Further, Plaintiff's purchase of an interest in EDA is not a stock transaction that is covered by the Section 27.01 because EDA is a limited liability company as opposed to a corporation, and EDA does not issue stock. An LLC is not a corporation. *Compare* TEX. BUS. ORGS. CODE ANN. § 1.002(14) (West 2012) (defining a corporation), with *id.* § 1.002(46)

(defining a limited liability company). And an LLC is not a joint stock company. *Compare Flint v. Culbertson*, 319 S.W.2d 690, 693–94 (Tex. 1958) (holding owners of a joint stock company jointly and severally liable for the debts of the company), with TEX. BUS. ORGS. CODE ANN. § 101.114 (stating that owners of a limited liability company are not liable for the debts of the company).

### C. Jury Instructions and Questions Related to Plaintiff's RICO Claims

The draft jury instructions provided by Plaintiff are insufficient because the proposed questions to the jury do not set forth each of the predicate acts that Plaintiff seeks to prove to establish its RICO claims.

The Fifth Circuit Pattern Jury Charge for 2014 does not include jury instructions for RICO claims and instead says the following:

> A plaintiff may bring a private civil action under the provisions of the Racketeer *Influenced* and Corrupt Organizations Act (RICO), alleging a violation of Title 18 U.S.C. § 1962(a), (b), (c) or (d). The instructions for RICO claims set out in the 2009 Pattern Jury Instructions are not included here because the cases are so rarely tried that there is no recent set of instructions in this circuit the Committee viewed as sufficiently reliable to include in the revised Instructions. For guidance, *see* Eleventh Circuit Pattern Jury Instructions (Civil Cases), Civil RICO General Instruction 5.1 (2005), and 3B Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Fed. Jury Practice & Instructions* §§ 161.01–161.100 (5th ed. 2001 & Supp. 2012).

Accordingly, the jury instructions for Plaintiff's RICO claims in this case should track the Eleventh Circuit Pattern Jury Charge for civil cases, 2013.

The draft jury instructions provided by Plaintiff are incorrect as they gather from multiple sources, including the 2006 version of the Fifth Circuit Pattern Jury Charge, which has been superseded.

The most important difference between the Plaintiff's draft jury instructions and the Eleventh Circuit Pattern Jury Charge can be found in the questions regarding predicate acts. As

set forth in Section 7.5 of the Eleventh Circuit Pattern Jury Charge for 2013, jury questions regarding allegations under 18 U.S.C. § 1962(c) must specifically provide the conduct that Plaintiff alleges constitutes the predicate act. A couple of the examples provided by the Eleventh Circuit include, "Invoice dated A from Defendant to Plaintiff" and "E-mail dated A from Defendant to X, copying Plaintiff."

Thus, PLG Consulting and Guiduzzi request that the language in the jury charge track Sections 7.3, 7.4, and 7.5 of the Eleventh Circuit Pattern Jury Charge.

### D. Proximate Cause (Applicable to All State Law Claims)

"Proximate cause includes two essential elements: (1) foreseeability, and (2) cause in fact.... Cause in fact means that the act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred." *F.D.I.C. v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir. 1992) (quoting *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980)).

Texas courts evaluate the following six factors to determine whether an intervening force rises to the level of a superseding cause: (a) the fact that the intervening force brings about harm different in kind from that which would otherwise have resulted from the actor's negligence; (b) the fact that the intervening force's operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of the force's operation; (c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation; (d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act; (e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him; (f)

the degree of culpability of a wrongful act of a third person which sets the intervening force in motion. *Phan Son Van v. Pena*, 990 S.W.2d 751, 754 (Tex. 1999) (citing *Humble Oil & Ref. Co. v. Whitten*, 427 S.W.2d 313, 315 (Tex.1968), which cites the Restatement (Second) of Torts § 442 (1965)).

Proximate cause applies to all of Plaintiff's state law claims. To prove an action for common-law fraud and statutory fraud, Plaintiff must establish the false representation or promise caused its injury. *See Fletcher v. Edwards*, 26 S.W.3d 66, 77 (Tex. App.—Waco 2000, pet. denied); *Scott v. Sebree*, 986 S.W.2d 364, 371 (Tex. App.—Austin 1999, pet. denied). Additionally, Plaintiff alleges that fraud is the underlying tort for its conspiracy claim. The elements of civil conspiracy include "damages as a proximate result." *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Accordingly, the Texas Pattern Jury Charge provides that a question on conspiracy is "Conditioned on findings of a statutory violation or a tort (other than negligence) that *proximately caused damages*." Texas PJC § 109.1 (emphasis added). Similarly, to prevail on a breach of fiduciary duty claim, the Plaintiff must show that the alleged breaches of fiduciary duty resulted in an injury to Plaintiff or benefit to the defendant. *Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

### E. Proportionate Responsibility

Texas Civil Practice & Remedies Code § 33.002 provides that proportionate liability applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM. CODE § 33.002(a)(1). This includes statutory tort claims, including statutory fraud. *See Davis v. Estridge*, 85 S.W.3d 308, 312 (Tex. App.—Tyler 2001, pet. denied) ("We hold…that the proportionate responsibility statute does not apply to statutory fraud and, thus, the

Estridges' damages will not be barred or reduced by their negligence."); *but see Villarreal v. Wells Fargo Brokerage Services, LLC*, 315 S.W.3d 109, 125 n.7 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("We do not find *Davis* persuasive. Since *Davis*, the Texas supreme court has held that Chapter 33 applied to a statutory tort claim in *JCW Electronics, Inc. v. Garza*, 257 S.W.3d 701, 705–06 (Tex. 2008).").

Date Submitted: June 1, 2017

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: /s/ *Kenneth P. Held*
Kenneth P. Held
Federal I.D. No. 29197
State Bar Number 24030333
kenneth.held@tklaw.com
Megan H. Schmid
Federal I.D. No. 1133741
State Bar No. 24074383
megan.schmid@tklaw.com
333 Clay Street, Suite 3300
Houston, Texas 77002-4499
(713) 653-8695 - Telephone
(713) 654-1871 – Facsimile

ATTORNEY FOR DEFENDANTS PLG
CONSULTING LTD AND PIERLUIGI
GUIDUZZI

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on June 1, 2017.

                                              */s/ Kenneth P. Held*
                                              Kenneth P. Held

# EXHIBIT A



# Companies Act 2006

## CHAPTER 46

## CONTENTS

### PART 1

GENERAL INTRODUCTORY PROVISIONS

*Companies and Companies Acts*

1  Companies
2  The Companies Acts

*Types of company*

3  Limited and unlimited companies
4  Private and public companies
5  Companies limited by guarantee and having share capital
6  Community interest companies

### PART 2

COMPANY FORMATION

*General*

7  Method of forming company
8  Memorandum of association

*Requirements for registration*

9   Registration documents
10  Statement of capital and initial shareholdings
11  Statement of guarantee
12  Statement of proposed officers
13  Statement of compliance

16  **Effect of registration**

(1)  The registration of a company has the following effects as from the date of incorporation.

(2)  The subscribers to the memorandum, together with such other persons as may from time to time become members of the company, are a body corporate by the name stated in the certificate of incorporation.

(3)  That body corporate is capable of exercising all the functions of an incorporated company.

(4)  The status and registered office of the company are as stated in, or in connection with, the application for registration.

(5)  In the case of a company having a share capital, the subscribers to the memorandum become holders of the shares specified in the statement of capital and initial shareholdings.

(6)  The persons named in the statement of proposed officers—
   (a)  as director, or
   (b)  as secretary or joint secretary of the company,
are deemed to have been appointed to that office.

## PART 3

### A COMPANY'S CONSTITUTION

#### CHAPTER 1

#### INTRODUCTORY

17  **A company's constitution**

Unless the context otherwise requires, references in the Companies Acts to a company's constitution include—
   (a)  the company's articles, and
   (b)  any resolutions and agreements to which Chapter 3 applies (see section 29).

#### CHAPTER 2

#### ARTICLES OF ASSOCIATION

*General*

18  **Articles of association**

(1)  A company must have articles of association prescribing regulations for the company.

(2)  Unless it is a company to which model articles apply by virtue of section 20 (default application of model articles in case of limited company), it must register articles of association.

(3)  Articles of association registered by a company must—

Case 4:14-cv-02096 Document 277 Filed in TXSD on 06/01/17 Page 13 of 17

| 78 | Companies Act 2006 (c. 46) |
| --- | --- |
| | Part 10 — A company's directors |
| | Chapter 1 — Appointment and removal of directors |

(3) Where notice is given of an intended resolution to remove a director under that section, and the director concerned makes with respect to it representations in writing to the company (not exceeding a reasonable length) and requests their notification to members of the company, the company shall, unless the representations are received by it too late for it to do so—
  (a) in any notice of the resolution given to members of the company state the fact of the representations having been made; and
  (b) send a copy of the representations to every member of the company to whom notice of the meeting is sent (whether before or after receipt of the representations by the company).

(4) If a copy of the representations is not sent as required by subsection (3) because received too late or because of the company's default, the director may (without prejudice to his right to be heard orally) require that the representations shall be read out at the meeting.

(5) Copies of the representations need not be sent out and the representations need not be read out at the meeting if, on the application either of the company or of any other person who claims to be aggrieved, the court is satisfied that the rights conferred by this section are being abused.

(6) The court may order the company's costs (in Scotland, expenses) on an application under subsection (5) to be paid in whole or in part by the director, notwithstanding that he is not a party to the application.

## CHAPTER 2

### GENERAL DUTIES OF DIRECTORS

*Introductory*

**170 Scope and nature of general duties**

(1) The general duties specified in sections 171 to 177 are owed by a director of a company to the company.

(2) A person who ceases to be a director continues to be subject—
  (a) to the duty in section 175 (duty to avoid conflicts of interest) as regards the exploitation of any property, information or opportunity of which he became aware at a time when he was a director, and
  (b) to the duty in section 176 (duty not to accept benefits from third parties) as regards things done or omitted by him before he ceased to be a director.
  To that extent those duties apply to a former director as to a director, subject to any necessary adaptations.

(3) The general duties are based on certain common law rules and equitable principles as they apply in relation to directors and have effect in place of those rules and principles as regards the duties owed to a company by a director.

(4) The general duties shall be interpreted and applied in the same way as common law rules or equitable principles, and regard shall be had to the corresponding common law rules and equitable principles in interpreting and applying the general duties.

Case 4:14-cv-02096 Document 277 Filed in TXSD on 06/01/17 Page 14 of 17

Companies Act 2006 (c. 46)  
Part 10 — A company's directors  
Chapter 2 — General duties of directors

79

(5) The general duties apply to shadow directors where, and to the extent that, the corresponding common law rules or equitable principles so apply.

*The general duties*

**171 Duty to act within powers**

A director of a company must—
   (a) act in accordance with the company's constitution, and
   (b) only exercise powers for the purposes for which they are conferred.

**172 Duty to promote the success of the company**

(1) A director of a company must act in the way he considers, in good faith, would be most likely to promote the success of the company for the benefit of its members as a whole, and in doing so have regard (amongst other matters) to—
   (a) the likely consequences of any decision in the long term,
   (b) the interests of the company's employees,
   (c) the need to foster the company's business relationships with suppliers, customers and others,
   (d) the impact of the company's operations on the community and the environment,
   (e) the desirability of the company maintaining a reputation for high standards of business conduct, and
   (f) the need to act fairly as between members of the company.

(2) Where or to the extent that the purposes of the company consist of or include purposes other than the benefit of its members, subsection (1) has effect as if the reference to promoting the success of the company for the benefit of its members were to achieving those purposes.

(3) The duty imposed by this section has effect subject to any enactment or rule of law requiring directors, in certain circumstances, to consider or act in the interests of creditors of the company.

**173 Duty to exercise independent judgment**

(1) A director of a company must exercise independent judgment.

(2) This duty is not infringed by his acting—
   (a) in accordance with an agreement duly entered into by the company that restricts the future exercise of discretion by its directors, or
   (b) in a way authorised by the company's constitution.

**174 Duty to exercise reasonable care, skill and diligence**

(1) A director of a company must exercise reasonable care, skill and diligence.

(2) This means the care, skill and diligence that would be exercised by a reasonably diligent person with—
   (a) the general knowledge, skill and experience that may reasonably be expected of a person carrying out the functions carried out by the director in relation to the company, and

Case 4:14-cv-02096 Document 277 Filed in TXSD on 06/01/17 Page 15 of 17

80                                                                Companies Act 2006 (c. 46)
                                                                  Part 10 — A company's directors
                                                                  Chapter 2 — General duties of directors

        (b)    the general knowledge, skill and experience that the director has.

**175    Duty to avoid conflicts of interest**

(1)    A director of a company must avoid a situation in which he has, or can have, a direct or indirect interest that conflicts, or possibly may conflict, with the interests of the company.

(2)    This applies in particular to the exploitation of any property, information or opportunity (and it is immaterial whether the company could take advantage of the property, information or opportunity).

(3)    This duty does not apply to a conflict of interest arising in relation to a transaction or arrangement with the company.

(4)    This duty is not infringed—
    (a)    if the situation cannot reasonably be regarded as likely to give rise to a conflict of interest; or
    (b)    if the matter has been authorised by the directors.

(5)    Authorisation may be given by the directors—
    (a)    where the company is a private company and nothing in the company's constitution invalidates such authorisation, by the matter being proposed to and authorised by the directors; or
    (b)    where the company is a public company and its constitution includes provision enabling the directors to authorise the matter, by the matter being proposed to and authorised by them in accordance with the constitution.

(6)    The authorisation is effective only if—
    (a)    any requirement as to the quorum at the meeting at which the matter is considered is met without counting the director in question or any other interested director, and
    (b)    the matter was agreed to without their voting or would have been agreed to if their votes had not been counted.

(7)    Any reference in this section to a conflict of interest includes a conflict of interest and duty and a conflict of duties.

**176    Duty not to accept benefits from third parties**

(1)    A director of a company must not accept a benefit from a third party conferred by reason of—
    (a)    his being a director, or
    (b)    his doing (or not doing) anything as director.

(2)    A "third party" means a person other than the company, an associated body corporate or a person acting on behalf of the company or an associated body corporate.

(3)    Benefits received by a director from a person by whom his services (as a director or otherwise) are provided to the company are not regarded as conferred by a third party.

(4)    This duty is not infringed if the acceptance of the benefit cannot reasonably be regarded as likely to give rise to a conflict of interest.

Case 4:14-cv-02096 Document 277 Filed in TXSD on 06/01/17 Page 16 of 17

Companies Act 2006 (c. 46)  
Part 10 — A company's directors  
Chapter 2 — General duties of directors

81

(5) Any reference in this section to a conflict of interest includes a conflict of interest and duty and a conflict of duties.

**177 Duty to declare interest in proposed transaction or arrangement**

(1) If a director of a company is in any way, directly or indirectly, interested in a proposed transaction or arrangement with the company, he must declare the nature and extent of that interest to the other directors.

(2) The declaration may (but need not) be made—
   (a) at a meeting of the directors, or
   (b) by notice to the directors in accordance with—
      (i) section 184 (notice in writing), or
      (ii) section 185 (general notice).

(3) If a declaration of interest under this section proves to be, or becomes, inaccurate or incomplete, a further declaration must be made.

(4) Any declaration required by this section must be made before the company enters into the transaction or arrangement.

(5) This section does not require a declaration of an interest of which the director is not aware or where the director is not aware of the transaction or arrangement in question.
   For this purpose a director is treated as being aware of matters of which he ought reasonably to be aware.

(6) A director need not declare an interest—
   (a) if it cannot reasonably be regarded as likely to give rise to a conflict of interest;
   (b) if, or to the extent that, the other directors are already aware of it (and for this purpose the other directors are treated as aware of anything of which they ought reasonably to be aware); or
   (c) if, or to the extent that, it concerns terms of his service contract that have been or are to be considered—
      (i) by a meeting of the directors, or
      (ii) by a committee of the directors appointed for the purpose under the company's constitution.

*Supplementary provisions*

**178 Civil consequences of breach of general duties**

(1) The consequences of breach (or threatened breach) of sections 171 to 177 are the same as would apply if the corresponding common law rule or equitable principle applied.

(2) The duties in those sections (with the exception of section 174 (duty to exercise reasonable care, skill and diligence)) are, accordingly, enforceable in the same way as any other fiduciary duty owed to a company by its directors.

Case 4:14-cv-02096 Document 277 Filed in TXSD on 06/01/17 Page 17 of 17

(4) The Lord Chief Justice may nominate a judicial office holder (as defined in section 109(4) of the Constitutional Reform Act 2005 (c. 4)) to exercise his functions under subsection (3).

**1157 Power of court to grant relief in certain cases**

(1) If in proceedings for negligence, default, breach of duty or breach of trust against—
   (a) an officer of a company, or
   (b) a person employed by a company as auditor (whether he is or is not an officer of the company),

it appears to the court hearing the case that the officer or person is or may be liable but that he acted honestly and reasonably, and that having regard to all the circumstances of the case (including those connected with his appointment) he ought fairly to be excused, the court may relieve him, either wholly or in part, from his liability on such terms as it thinks fit.

(2) If any such officer or person has reason to apprehend that a claim will or might be made against him in respect of negligence, default, breach of duty or breach of trust—
   (a) he may apply to the court for relief, and
   (b) the court has the same power to relieve him as it would have had if it had been a court before which proceedings against him for negligence, default, breach of duty or breach of trust had been brought.

(3) Where a case to which subsection (1) applies is being tried by a judge with a jury, the judge, after hearing the evidence, may, if he is satisfied that the defendant (in Scotland, the defender) ought in pursuance of that subsection to be relieved either in whole or in part from the liability sought to be enforced against him, withdraw the case from the jury and forthwith direct judgment to be entered for the defendant (in Scotland, grant decree of absolvitor) on such terms as to costs (in Scotland, expenses) or otherwise as the judge may think proper.

PART 38

COMPANIES: INTERPRETATION

*Meaning of "UK-registered company"*

**1158 Meaning of "UK-registered company"**

In the Companies Acts "UK-registered company" means a company registered under this Act.

The expression does not include an overseas company that has registered particulars under section 1046.

*Meaning of "subsidiary" and related expressions*

**1159 Meaning of "subsidiary" etc**

(1) A company is a "subsidiary" of another company, its "holding company", if that other company—