IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| B CHOICE LIMITED, § § Plaintiff and Counter-Defendant § § vs. § § § Case No. 4:14-cv-02096 § EPICENTRE DEVELOPMENT § ASSOCIATES, LLC, et al. § **JUDGE GRAY H. MILLER** § Defendants § _____ § Rhonda Moore-Konieczny, § Case Manager EPICENTRE DEVELOPMENT § ASSOCIATES, LLC § § Counter-Plaintiff § § v. § § B Choice Limited, § § Counter-Defendant § | |

**DEFENDANTS PIERLUIGI GUIDUZZI'S AND PLG CONSULTING LTD.'S MOTION
FOR JUDGMENT AS A MATTER OF LAW
ON ALL CLAIMS EXCEPT BREACH OF FIDUCIARY DUTY**

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants Pierluigi Guiduzzi ("*Guiduzzi*") and PLG Consulting Ltd. ("*PLG*") file this motion for judgment as a matter of law dismissing all Plaintiff's claims against Guiduzzi and PLG, with the exception of Plaintiff's claim for breach of fiduciary duty against Guiduzzi.

Plaintiff B Choice Ltd. ("*BCL*") has closed its case and has been fully heard on all its claims. Based on the evidence BCL has presented, "a reasonable jury would not have a legally sufficient evidentiary basis to find for [BCL] on" any of the following claims. *See* Fed. R. Civ.

Pro. 50(a).

1. **RICO - 18 U.S.C. §1962(c)**

    a. Insufficient Evidence that PLG or Guiduzzi (1) "participated, either directly or indirectly, in the conduct of the affairs of the enterprise" or (2) "through a pattern of racketeering activity."[1]

    b. Insufficient Evidence that PLG or Guiduzzi committed any alleged predicate acts of mail fraud, wire fraud, Travel Act violation or money laundering.

        i. <u>Mail Fraud/Wire Fraud</u> - 18 U.S.C. § 1341 and 18 U.S.C. § 1343 - Insufficient evidence that PLG or Guiduzzi (1) "knowingly devised or intended to devise a scheme to defraud BCL in connection with its investment in and loans to EDA related to the AstroWorld investment," (2) was aware "That the scheme to defraud employed false material representations, false material pretenses, or false material promises, or (3) "acted with a specific intent to defraud."

        ii. <u>Travel Act</u> – Insufficient evidence that PLG or Guiduzzi (1) "traveled with the specific intent to promote, manage, establish or carry on an unlawful activity; or (2) "while traveling, [PLG or Guiduzzi] knowingly committed an act to promote, manage, establish, or carry on an unlawful activity."

        iii. <u>Money Laundering</u> - 18 U.S.C. § 1956(a)(1) – Insufficient evidence that PLG or Guiduzzi (1) "knowingly conducted a financial transaction;" (2) knew "the financial transaction involved the proceeds

---

[1] Unless otherwise indicated, references to propositions of law refer to uncontested portions of the draft jury instructions submitted to the Court via email from David Toy dated June 19, 2017 at 7:36 am.

2

of a specified unlawful activity, namely any of the RICO predicate acts;" (3) "knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; or (4) "intended to promote the carrying on of the specified unlawful activity, or knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity."

2. **RICO Conspiracy - 18 U.S.C. §1962(c).** Insufficient Evidence that PLG or Guiduzzi "agreed to the overall objective of the [alleged] conspiracy or "agreed with at least one other Defendant to commit two predicate acts as part of the conspiracy."

3. **Common Law Fraud**

    a. Insufficient Evidence that PLG or Guiduzzi (1) made "a material misrepresentation," (2) "with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion," (3) "with the intention that it should be acted on by" BCL.

    b. Insufficient Evidence that BCL "relie[d] on the misrepresentation and thereby suffer[ed] injury."

4. **Fraud by Nondisclosure**

    a. Insufficient evidence that PLG or Guiduzzi (1) "failed to disclose a material fact within the knowledge of" PLG or Guiduzzi, (2) knew that BCL was "ignorant of the fact and does not have an equal opportunity to discover the truth," or (3) "intended to induce [BCL] to take some action by failing to disclose the fact."

3

    b. Insufficient evidence that BCL "suffer[ed] injury as a result of acting without knowledge of the undisclosed fact."

5. **Statutory Fraud – Tex. Bus. & Com. Code § 27.01(a)** [2]

    a. Insufficient evidence that PLG or Guiduzzi (1) participated in "a transaction involving stock," (2) made "a false representation of a past or existing material fact," or (3) "for the purpose of inducing [BCL] to enter into [the Subscription Agreement]."

    b. Insufficient evidence that BCL relied on any allegedly false representation made by PLG or Guiduzzi.

    c. Also Insufficient evidence for to find PLG or Guiduzzi liable for Statutory Fraud based on any alleged false promise.

6. **Alter Ego** – Insufficient Evidence to disregard the PLG or F&G Consultancy Ltd. ("***F&G***") corporate form to hold Guiduzzi personally liable for any acts for PLG or F&G.

7. **Common Law Conspiracy** – Insufficient evidence that PLG or Guiduzzi "and another [Defendant]. . . had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to BCL." Insufficient evidence that PLG or Guiduzzi knew "the object and purpose of the conspiracy and to have had a meeting of the minds with the other conspirators to accomplish that object and purpose, intending to bring about the resulting injury."

8. **No evidence that PLG undertook any acts related to the alleged claims**.

---

[2] "Plaintiff BCL alleges that defendants committed statutory fraud only with respect to BCL's $11,000,000 investment in EDA pursuant to the Subscription Agreement in 2010. There is no allegation of statutory fraud with respect to any promissory note."

## CONCLUSION

For the reasons set forth above, Guiduzzi and PLG respectfully request that the Court enter judgment as a matter of law dismissing all Plaintiff's claims against Defendants Guiduzzi and PLG with the exception of Plaintiff's claim for breach of fiduciary duty against Guiduzzi.


Date Submitted:  June 22, 2017

Respectfully submitted,

THOMPSON & KNIGHT LLP


By: /s/ Kenneth P. Held
Kenneth P. Held
Federal I.D. No. 29197
State Bar Number 24030333
kenneth.held@tklaw.com
Megan H. Schmid
Federal I.D. No. 1133741
State Bar No. 24074383
megan.schmid@tklaw.com
333 Clay Street, Suite 3300
Houston, Texas 77002-4499
(713) 653-8695 - Telephone
(713) 654-1871 – Facsimile

ATTORNEY FOR DEFENDANTS PLG CONSULTING LTD AND PIERLUIGI GUIDUZZI

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on June 22, 2017 and by hand in court.

      */s/ Kenneth P. Held*
      Kenneth P. Held